The Baltimore City Passenger Railway Company *vs.* Charles E. Kemp, and Adaline Kemp, his Wife.

*Negligence—Injury—Cancer resulting from Injury—Liability—Initial cause—Question for the Jury—Duty of Common carrier of Passengers—Nature of Action for personal Injury to Passenger, caused by Negligence of Carrier.*

If the injury received by the plaintiff, through the negligence of the defendant, superinduced and contributed to the production or development of a cancer, the defendant is responsible therefor; and the cancer is not to be treated as an independent cause of injury or suffering. The wrong-doer cannot be allowed to apportion the measure of his responsibility to the initial cause.

Whether the direct causal connections exist, is a question, in all cases, for the jury, upon the facts in proof.

A common carrier of passengers, who accepts a party to be carried, owes to that party a duty to be careful, irrespective of contract; and the gravamen of an action by husband and wife to recover for personal injuries to the wife while a passenger, caused by the alleged negligent wrong of the railway company, is the negligence of the defendant. The right to maintain the action does not depend upon contract, but the action is founded upon the common law duty to carry safely; and the negligent violation of that duty to the damage of the plaintiff is a tort or wrong which gives rise to the right of action.

A passenger may declare for a breach of contract, where there is one; but it is at his election to proceed as for a tort where there has been personal injury suffered by the negligence or wrongful act of the carrier, or the agents of the company; and in such action the plaintiff is entitled to recover according to the principles pertaining to that class of actions, as distinguished from actions on contract.

Motion for Re-argument.

The case will be found reported *supra*, page 74.

*Bernard Carter*, and *Arthur W. Machen*, for the motion.

ALVEY, C. J., delivered the opinion of the Court.

There has been a motion made in this case for re-argument, based largely upon authorities that were not brought to the attention of the Court on the former hearing; and hence we depart from the general practice of disposing of such motions without the formal assignment of reasons for the action of the Court thereon.

Upon the question, whether the jury should have been allowed to infer, upon the evidence before them, that cancer was the result of the injury received by the plaintiff, the defendant cites and relies upon the case of *Jewell vs. Grand Trunk Railway Co.*, 55 *N. H.*, 84, a case not referred to on the former argument. But the facts of that case are so entirely different from those of the case before us that the analogy between the two cases is but slight. In the first place, the party whose negligence caused the injury in that case was not, according to the decision of the Court, the servant or employé of the defendant, and therefore the defendant was not liable for his acts. In the second place, there was a considerable length of time intervening between the time of the accident and the death of the party, the latter in the meantime being engaged in hard work and subjected to much exposure, and all the circumstances of the case rendered it exceedingly doubtful whether there could be any connection between the injury received by a blow on the *right* shoulder, and a cancer that was found to exist, by *post-mortem* examination, in the *left* lung of the party, a year and a half after the injury received. And the physicians all testified that, in their opinion, neither the last sickness of the party, nor the cancer, was in any way attributable to the injury previously received. The Court,

Baltimore City Pass. Railway Co. *vs.* Kemp and Wife.

moreover, considered and determined the case upon the *weight* of evidence, as upon motion for a new trial, and not as upon a demurrer to the legal sufficiency of the evidence to be submitted to the jury, as in the case before us. The other cases cited upon this question have only a remote or indirect bearing, and we do not perceive that they are at all in conflict with the opinion that has been delivered in this case.

Since the opinion in this case was delivered, *50th Michigan* has been published, and that volume contains the case of *Beauchamp vs. Saginaw Mining Co., at page* 163. In that case a boy, while passing on a highway, was injured by being struck on the side of his head, by a stone from a blast fired by the mining company, and having died some five or six months thereafter, an action was brought to recover damages for his death, caused, as it was alleged, by the negligence of the defendant. Among other defences, it was alleged, and evidence was given to show, that death was not caused by the injury, but by specific or typical pneumonia; and the case was sought to be taken from the jury upon the ground that pneumonia and not the injury received from the stone was the direct and proximate cause of the death. The physician who attended the boy in his sickness testified that he died of pneumonia, though he had been very seriously injured, and was paralysed on one side, and the chances of recovery were against him. The doctor said in his testimony, "I am unprepared to say what caused pneumonia in this case. In my opinion it was a specific or typical pneumonia; the relation between it and the injured head was not close." It was contended, however, for the plaintiff, that owing to the broken and shattered condition of the boy's system, caused by the injury received, and his increased susceptibility to cold, pneumonia was superinduced and developed as a natural result of the injury; and that question was submitted to the jury upon the evidence, and

they found for the plaintiff. The case was taken to the Supreme Court of Michigan, and the error assigned was the submission of the question to, and allowing the jury to conclude, as to whether pneumonia did in fact result from and was a consequence of the injury received by the boy. The Supreme Court affirmed the ruling of the Court below, and held, that "if the injury received and sickness following concurred in and contributed to the attack of pneumonia, the defendant must be held responsible therefor." And so in this case: If the injury received by Mrs. Kemp, by the negligence of the defendant, superinduced and contributed to the production or development of cancer, the defendant is responsible therefor; and the cancer is not to be treated as an independent cause of injury or suffering, any more than pneumonia, resulting from an injury that rendered the system susceptible of and liable to the attack, as a natural consequence of such injury, is to be regarded as an independent cause of death. In both cases, the original injury was the prime cause that opened the way to and set other causes in motion, which led to the fatal results. And the wrongdoer cannot be allowed to apportion the measure of his responsibility to the initial cause. Whether the direct causal connections exist, is a question, in all cases, for the jury, upon the facts in proof.

There is another ground upon which re-argument of the case is asked, and that is with respect to the nature of the action, and for what nature and extent of injury damages may be allowed to be recovered therein. The defendant insists that while the form of action is as for a tort, yet the real ground of the right to recover in this case is simply for breach of the contract to carry safely, and to put the party down safely. And that being so, according to the contention, it is insisted that to entitle the plaintiff to damages by reason of a breach of the contract, the injury for which compensation is asked should be shown to be

such that it may fairly be taken to have been contemplated by the parties as the possible result of the breach of the contract; and that, in this case, no such consequence as the production of cancer in the plaintiff, could have been anticipated as the probable result of the negligent act of the defendant. But to this proposition we cannot agree; and, in our opinion, it is not supported by authority.

A common carrier of passengers, who accepts a party to be carried, owes to that party a duty to be careful, irrespective of contract; and the gravamen of an action like the present is the negligence of the defendant. The right to maintain the action does not depend upon contract, but the action is founded upon the common law duty to carry safely; and the negligent violation of that duty to the damage of the plaintiff is a tort or wrong which gives rise to the right of action. *Bretherton vs. Wood*, 3 *B. & Bing. in Ex. Ch.*, 54. If this were not so, the passenger would occupy a more unfavorable position in reference to the extent of his right to recover for injuries than a stranger; for the latter, for any negligent injury or wrong committed, can only sue as for a tort, and the measure of the recovery is not only for the actual suffering endured, but for all aggravation that may attend the commission of the wrong; whereas, in the case of a passenger, if the contention of the defendant be supported, for the same character of injury, the right of recovery would be more restricted. The principle of these actions against common carriers of passengers is well illustrated by the case of a servant whose fare has been paid by the master; or the case of a child for whom no fare is charged. In both of the cases mentioned, though there is no contract as between the carrier and the servant, or as between the carrier and the child, yet both servant and the child are passengers, and for any personal injuries suffered by them, through the negligence of the carrier, it is clear they could sue and recover; but they could only sue as for a

Baltimore City Pass. Railway Co. *vs.* Kemp and Wife.

·tort. The authorities would seem to be clear upon the
·subject, and leave no room for doubt or question.

In the case of *Marshall vs. York, Newcastle & Berwick
R. Co.*, 11 *C. B.*, 655, in discussing the ground of action
·against a common carrier, JERVIS, C. J., said : "But upon
what principle does the action lie at the suit of the servant
·for his personal suffering ? Not by reason of any contract
between him and the company, but by reason of a duty
implied by law to carry him safely." And in the same
·case Mr. Justice WILLIAMS said : "The case was, I think,
put upon the right footing by Mr. Hill, when he said that
the question turned upon the inquiry whether it was neces-
·sary to show a contract between the plaintiff and the rail-
road company. His proposition was, that this declaration
·could only be sustained by proof of a contract to carry the
plaintiff and his luggage for hire and reward to be paid
by the plaintiff, and that the traverse of that part of the
·declaration involves a traverse of the payment by the
plaintiff. I am of opinion that there is no foundation for
·that proposition. It seems to me that the whole current
·of authorities, beginning with *Govett vs. Radnidge*, 3
*East*, 62, and ending with *Pozzi vs. Shipton*, 8 *Ad. & El.*,
963, establishes that an action of this sort is, in substance,
not an action of contract, but an action of tort against the
·company as carrier." And in the subsequent case of
*Austin vs. Great West. R. Co.*, *L. R.*, 2 *Q. B.*, 442, Mr.
·Justice BLACKBURN, now Lord BLACKBURN, in delivering
his judgment in that case said : "I think that what was
·said in the case of *Marshall vs. York, Newcastle & Ber-
wick R. Co.*, 11 *C. B.*, 655, was quite correct. It was
·there laid down that the right which a passenger by rail-
way has to be carried safely, does not depend on his having
made a contract, but that the fact of his being a passenger
·casts a duty on the company to carry him safely." And
to the same effect, and with full approval of the authori-
·ties just cited, are the cases of *Foulkes vs. Met. Dis. R.*

*Co.*, 4 *C. P. Div.*, 267, and the same case on appeal, 5 *C. P. Div.*, 157, and *Fleming vs. Manchester, &c. Railway Co.*, 4 *Q. B. Div.*, 81. The case of *Bretherton vs. Wood*, 3 *Bro. & Bingham*, 54, is a direct authority upon the question.

A passenger may, without doubt, declare for a breach of contract, where there is one; but it is at his election to proceed as for a tort where there has been personal injury suffered by the negligence or wrongful act of the carrier, or the agents of the company; and in such action the plaintiff is entitled to recover according to the principles pertaining to that class of actions, as distinguished from actions on contract. And this is the settled doctrine and practice in this State. *Stockton vs. Frey*, 4 *Gill*, 406; *Balto. & Ohio R. Co. vs. Blocher*, 27 *Md.*, 277, 287; *Baltimore and Yorktown Turnpike Co. vs. Boone*, 45 *Md.*, 344; *Stokes vs. Saltonstall*, 13 *Pet.*, 181.

> *The motion for re-argument must be overruled.*

(Decided 3d July, 1884.)

STONE, J., dissented.