## ENGLISH & COMPANY *v.* JONES.

108　123
110　222

Under the peculiar facts of this case it was error not to grant an injunction.

Argued June 17, — Decided July 20, 1899.

Petition for injunction. Before Judge Smith. Twiggs county. May 9, 1899.

*Harris, Thomas & Glawson*, for plaintiffs.

COBB, J. English & Company filed a petition, praying for equitable relief against Stephen Jones, alleging, in substance, as follows: Plaintiffs are the owners of a town lot which they had inclosed with a fence. On April 1, 1899, the defendant, without authority of law, entered upon this lot and destroyed a portion of the fence, and threatens to destroy the same whenever and as often as plaintiffs rebuild or repair it. The damages resulting to plaintiffs are irreparable, and they pray for an injunction against the threatened trespass. The defendant in his answer alleged that in 1869 his father owned the property in dispute and claimed by plaintiffs, and in that year defendant's sister came into possession of the adjoining property

which is now owned by defendant; that their father gave to the sister a right of way over the lot now claimed by plaintiffs, extending from a point immediately in front of the residence of the sister to the public road on the other side of the lot in question; that she had the private way opened and put in repair, and from time to time kept the same in repair, and she and those holding under her have enjoyed the use of the way continuously and without objection from any one, and have kept the same in repair; that the way has never exceeded fifteen feet in width, and is located in identically the same place as originally laid out in 1869; and that plaintiffs have attempted to close up the way without giving the notice of intention to do so that the law requires. When the application for injunction came on for a hearing, it was admitted that the plaintiffs were in possession of and had title to the lot over which the defendant claimed a right of way. There was evidence introduced by the plaintiffs, tending to prove that no such right of way as is contemplated by law had ever existed over the lot, and also evidence showing that although a path had been used in the past, it had for some time prior to the erection of the fence been obstructed by falling timber, and was, at the time the fence was built, practically closed up and out of use. The evidence for the plaintiffs tended to show further, that the path claimed by the defendant as a private way was one of a number of paths which had been used for some time while the lot was unenclosed, just as such paths come into existence by continuous crossing of vacant property in a town or village; that the persons using such paths did not intend by such use to acquire a right of way over the land, and that the owners did not intend by acquiescence in such use to grant any such right. On the other hand the testimony for the defendant tended to establish that a private way had originated by express permission of the person owning it at that time, and that it was continuously used and kept in repair by the person to whom the right was granted and those holding under her.

The judge seems to have been of opinion that a private way was established by the evidence, and refused the injunction upon the ground that thirty days notice had not been given as required by section 673 of the Political Code, which is as follows:

"When a road has been used as a private way for as much as one year, an owner of land over which it passes can not close it up without first giving the common users of the way thirty days notice in writing, that they may take steps to have it made permanent." While the evidence was conflicting as to whether the defendant was entitled to a private way, and therefore as to whether he had a right to remove the obstructions from the same, we think, under the peculiar facts of this case, the judge should have granted the injunction. When the case comes on. for a final hearing, it can be determined whether or not a private way was ever granted, and, if so, whether the same was used and maintained in the manner prescribed by law and is still in existence. If it be found that it was granted and used and is still in existence, a decree can be rendered protecting the rights of the defendant in the use of the private way. On the other hand, if it should be determined that there never was any private way across the property, or that if any ever existed it has been abandoned and was not in existence at the time the fence was erected, the injunction should be made permanent. In the condition in which the record discloses the case, the ruling of the judge works a grave injustice to the plaintiffs. They deny that any right of way existed over their land, and in order to prevent the trespass which is threatened, it is necessary, under the judge's ruling, for them to admit that the defendant has a private way over their land. Under all the circumstances of the case, we think the ends of justice would be best subserved by granting the injunction in order that the issue as to the private way may be determined by a jury. There is nothing in this ruling to conflict with the decision made in the case of *O'Brien* v. *Harris*, 105 *Ga.* 732, where it was ruled that equity would not enjoin the violation of a penal statute, unless it appeared that such violation affected the property rights of the complainants. It is true that the act which the defendant in the present case is alleged to have committed and is threatening to commit again is a penal offense, but it is also a private wrong, and the plaintiffs' property rights are directly involved.

*Judgment reversed. All the Justices concurring.*