FERRER, PLAINTIFF AND APPELLANT, *v.* GUTIÉRREZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Aguadilla in Injunction Proceedings.

No. 2129.—Decided May 8, 1920.

INJUNCTION—LESSEE—TRESPASS.—A lessee who has no adequate remedy at law when disturbed in the possession of the leased property may resort to an injunction proceeding to prevent repeated trespasses. This case is distinguished from that of *Martínez* v. *P. R. Ry., L. & P. Co.*, 18 P. R. R. 700.

The facts are stated in the opinion.
*Mr. A. Piñero* for the appellant.
*Mr. A. Reichard* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein alleges in substance that complainant was in possession of certain lands as lessee of Inocencia Alvarez, bounded on the north by lands of respondent Pedro Gutiérrez; that along the boundary line between the two properties there has been and is a hedge of *maya;* that during the early part of January of the present year, there being at that time no opening in the said hedge, defendant Pedro Gutiérrez, without right, permission, concession or legally acquired title whatsoever, opened and destroyed some three meters of hedge, making a road through the property used

and enjoyed by complainant as such lessee, crossing the same from north to south, opening up various roads and depriving complainant of the possession of the leased property; that neither complainant nor Inocencia Alvarez has at any time authorized or consented to the acts of respondent, nor is there nor has there been any servitude in favor of the tenement owned by him, the said Gutiérrez having committed the acts complained of against the expressed will of complainant and of the owner of the said property, Inocencia Alvarez; that by reason of the said acts complainant is unable to use and enjoy the said property or to cultivate the same in any manner, or to dedicate it to the purposes for which it was leased; that respondent, notwithstanding the refusal and protest of complainant, is utilizing the road so opened for the passage of his carts and carriages, thus interrupting the full enjoyment of the leased property to which complainant is entitled; that since the early part of January of the current year, as often as complainant has endeavored to close the said road, replacing the *maya* destroyed by respondent, he has newly opened the same, roundly refusing to close it, causing complainant irreparable injury by reason of such trespass; that the said respondent, by such trespassing upon the lands under lease to complainant, renders useless complainant's contract of lease, all of which would give rise to a multiplicity of suits to the great prejudice of the interests of complainant.

Respondent admits, among other things, the existence of the hedge, but alleges that the same is not continuous and has an opening some six meters in width through which the property of respondent finds its outlet to the *carretera* across the lands of Inocencia Alvarez.

Respondent "denies the fifth allegation in so far as it avers that the respondent, during the early days of January last past, destroyed some three meters of the hedge without any title, opening various roads across the Alvarez prop-

erty, crossing the same from north to south and depriving complainant of the possession of the leased property"—a plain negative pregnant—and avers that he did open the outlet of his property which complainant wilfully and maliciously on various occasions had closed, traveling over the said road as a means of egress from his property to the *carretera*.

Respondent denies the sixth allegation, that neither complainant nor Inocencia Alvarez has authorized or consented to the acts of respondent, as well as the nonexistence of a servitude in favor of the property owned by respondent, and that respondent has committed any depredations on the property possessed by complainant, alleging that the property of respondent has its outlet to the *carretera* over the Alvarez lands now in the possession of complainant.

Respondent denies that he has made it impossible for the complainant to use and enjoy the property under lease to her, or that she can not cultivate the same or dedicate it to such purposes as she may desire.

Respondent admits that as often as complainant has attempted to close the said road respondent has reopened the same, alleging that in so doing he acted within his rights, and denies ever having trespassed upon the lands of complainant or upon those of any other person.

And as new matter respondent avers that he is the owner of a certain property bounded on the south by land of Inocencia Alvarez; that the said property acquired from Francisca Alvarez and the land belonging to Inocencia and described in the complaint were formerly owned by Agustín Alvarez, the father of both women; that at the death of Agustín Alvarez this land was divided among his heirs, the portion now owned by respondent being allotted to Francisca, together with an outlet to the *carretera* over the land allotted to Inocencia; that in 1894 respondent acquired the said land, together with the outlet used by him and the owners of the

other portions of the property formerly belonging to Agus-
tín up to some sixteen years ago, when, at the instance of
Inocencia, the road was changed to the place now occupied
by it as a shorter route, Inocencia having taken possession
of all the old road, enclosing the same within her property,
the area so acquired being much in excess of that occupied
by the new road, respondent having consented to the change
because for him one outlet was as good as another and in
order to oblige Inocencia; that for sixteen years respondent
has been traveling over the road so changed, quietly, pub-
licly, peacefully and without interruption, the same being the
only outlet from his property to the *carretera;* that within a
few months complainant has attempted to close the said
road, to which respondent has not consented because it is his
only outlet to the *carretera* and because neither the old road
nor any other outlet for his property has been opened, and
that respondent has tried to obtain such outlet which com-
plainant has always refused.

The pertinent portion of the decision rendered by the
trial court reads as follows:

"The main facts as they appear from the pleading and the evi-
dence are as follows:

"That on July 1st, 1917, petitioner Ana Ferrer entered into a
contract of lease with Inocencia Alvarez of the rural property de-
scribed in the petition and that a rural property belonging to the
defendant Pedro Gutiérrez bounds the property so described on the
north. That without the consent of petitioner and in the exercise
of an alleged right the defendant insisted on crossing the said prop-
erty so leased by petitioner by a road, thus depriving the petitioner
of her possession of the leased property.

"For a proper decision of the issues herein raised by the parties
the said statement of facts is ample, for we must take on the principal
basis the fact that an injunction is an equitable remedy granted by
the courts when the parties have no remedy at law. In this case
the only question to be considered is whether the petitioner is in
this situation. Undoubtedly both the petitioner and the owner of
the said property are endeavoring to prevent the defendant from

crossing the said property and there is a remedy at law for such case, that is an action of denial of servitude, but it can be brought only by the owner of the property sought to be freed from the easement or by the person who possesses it as owner (*Díaz* v. *Guerra*, 18 P. R. R. 790) ; therefore, in injunction cases when the purpose is to prevent a continous trespass, as in all other cases where the petitioner has an adequate remedy at law, * * * the writ of injunction should not issue. *Martínez* v. *P. R. R. L. & P. Co.*, 18 P. R. R. 700.

"We think it is unncessary to make a more extended analysis of the jurisprudence to arrive at a conclusion with respect to the right that the petitioner may have to an injunction in this case. And without discussing the ground alleged by the defendant, the court is of the opinion that the petition for an injunction should be denied, adjudging the petitioner, Ana Ferrer, to pay the expenses, costs and attorney fees."

As held by this court in *Díaz* v. *Guerra, supra,* the action for a servitude referred to by the court below "can be brought only by the owner of the property the freedom of which is sought." The complainant herein is not such owner and in the circumstances we fail to perceive why the issue involved may not be determined, as between the parties before the court, in a proceeding of this kind. A somewhat similar situation may be found in at least one adjudicated case, to wit, *English & Company* v. *Jones*, 108. Ga. 123, 34 S. E. 122, where the court seems to have had no difficulty in coming to a like conclusion. The mere fact that the admitted trespass committed by respondent was in the "exercise of an alleged right," coupled with the existence of a remedy at law available to complainant's lessor, but not to complainant, the lessee, can hardly be held to justify the dismissal of the complaint.

A careful perusal of *Martínez* v. *P. R. R., L. & P. Co.*, 18 P. R. R. 700, will suffice to show that the facts involved therein were quite different from those in the instant case The question of a multiplicity of suits growing out of repeated trespass as a basis for injunction was not directly

raised nor seriously considered at that time. This court then held, as one among a number of grounds for its decision, to quote the syllabus:

"Writs of injunction for the purpose of preventing continued trespassing, as well as in all other cases, will not issue when the petitioner has an adequate remedy at law to obtain pecuniary indemnity for such trespassing."

The attention of the court, as also disclosed by the syllabus, was drawn primarily to different aspects of the general question of irreparable damage with reference to the peculiar circumstances of that case, and the opinion points out, among other things:

"In this case it clearly appears from both the complaint and the evidence that the plaintiff can obtain a pecuniary compensation, inasmuch as in the former he prays that the defendant be adjudged to indemnify him for the injuries sustained or that may be sustained, and by the latter it is learned that the plaintiff was in correspondence with the municipal council of this city with a view to ceding part of his lands for the construction of a street upon receipt by him of a pecuniary compensation."

Here, as we have already shown, complainant has no adequate remedy at law beyond such as is available to every victim of repeated trespass, and a threatened multiplicity of suits is expressly alleged in connection with the general averment of irreparable injury.

"As shown in the note to *De Pauw* v. *Oxley*, 13 L. R. A. (N. S.) 173, there is a decided conflict of authority upon the question as to the granting of injunctive relief in case of repeated trespass. The cases decided subsequently to that note, while to some extent characterized by the same conflict, on the whole support the contention therein made that the law on the subject under annotation is undergoing a complete evolution and illustrate the tendency of the courts to adopt the modern liberal doctrine that mere repeated trespasses are sufficient to warrant the granting of injunctive relief, irrespective of other equitable grounds for the taking of jurisdiction." Note to *Cragg* v. *Levinson*, 21 L. R. A. (N. S.) 417.

Section 448 of the Civil Code provides that every possessor has a right to be respected in his possession; and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws of procedure.

Commenting on this section, we have had occasion heretofore to say that "this statutory provision and the history of the interdicts through which the principle thereof was applied under the former procedure should suffice in this jurisdiction to sanction, if not to accelerate, the modern trend toward enlargement rather than restriction of the class of cases in which equity will interfere to prevent a threatened trespass." *García* v. *Rodríguez,* 27 P. R. R. 284.

The judgment appealed from must be reversed and the case remanded.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.