Ferrer, Demandante y Apelante, v. Gutiérrez, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Aguadilla en procedimiento sobre *injunction.*

No. 2129.—Resuelto en mayo 8, 1920.

Injunction—Arrendatario Inquietado en la Posesión—Trespass.—Un arrendatario que carece de remedio adecuado en ley y a quien se inquieta en la posesión de la finca arrendada puede acudir al procedimiento de *injunction* para impedir repetidos actos de despojo, diferenciándose este caso del de *Martínez* v. *Porto Railway, L. & P. Co.,* 18 D. P. R. 725.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. A. Piñero.*
Abogado del apelado: *Sr. A. Reichard.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Alega en sustancia la demanda en este caso que la demandante estaba en posesión de cierta finca como arrendataria de doña Inocencia Alvarez, finca que limitaba por el norte con terrenos del demandado Pedro Gutiérrez; que en la guardarraya de las fincas del demandado y de la demandante ha existido y existe una cerca de maya; que allá por los primeros días del mes de enero del corriente año hallán-

dose completamente cerrada dicha colindancia, el demandado Pedro Gutiérrez, sin derecho, permiso, concesión ni título alguno adquirido por medio legal abrió y destruyó como tres metros de cerca, haciendo un camino por la finca que goza y disfruta la demandante como tal arrendataria, atravesándola de norte a sur, abriendo varios caminos, y despojando con sus actos a la demandante de la posesión del predio arrendado; que ni la demandante ni doña Inocencia Alvarez en ningún momento han autorizado ni consentido los actos del demandado no existiendo como no existe ni ha existido servidumbre alguna a favor del predio rústico del demandado, habiendo realizado dicho demandado los actos de despojo en la finca de los cuales se queja la demandante contra la manifiesta voluntad de ésta y de la dueña de dicha finca doña Inocencia Alvarez; que como resultado de dichos actos se hace imposible para la demandante el goce y disfrute de dicha finca, no pudiendo cultivarla en ninguna forma ni dedicarla a los fines para los cuales fué arrendada; que el demandado no obstante la negativa y protesta de la demandante está utilizando el camino abierto para pasar con sus carros y coches, interrumpiendo de este modo el libre goce de la finca arrendada a que tiene derecho la demandante; que desde los primeros días del mes de enero del corriente año, la demandante ha tratado de cerrar dicho camino, colocando la maya destruída por el demandado, éste lo ha abierto nuevamente, negándose rotundamente a cerrarlo, causando así a la demandante daños irreparables con el despojo realizado; que el referido demandado, invadiendo el terreno arrendado a la demandante, hace ineficaz el contrato de arrendamiento celebrado por la demandante, todo lo que daría lugar a una multiplicidad de pleitos perjudiciales a los intereses de la demandante.

El demandado admite entre otras cosas, la existencia de la cerca, pero alega que dicha cerca o maya no es contínua sino que está interrumpida en un trayecto de alrededor de seis metros por cuyo sitio tiene su salida a la carretera la

finca del demandado a través de los terrenos de Inocencia Alvarez.

El demandado niega el hecho quinto de la demanda en cuanto alega que el demandado allá por los primeros días del mes de enero retro-próximo destruyó como tres metros de la cerca sin título alguno, abriendo varios caminos a través de la finca de la Alvarez, atravesándola de norte a sur y despojando a la demandante de la posesión del predio arrendado, negativa en que se admite, y alega que sí abrió la salida de su finca que maliciosa y voluntariamente le ha cerrado en varias ocasiones la demandante, transitando el demandado por el citado camino que da salida a su finca hasta la carretera.

El demandado niega el hecho sexto de la demanda, en cuánto alega que ni la demandante ni Inocencia Alvarez hayan autorizado o consentido los actos del demandado, o que no haya servidumbre de paso a favor de la finca de éste, o que éste haya realizado actos de despojo en el terreno que posee la demandante, alegando dicho demandado que la finca de su propiedad tiene salida a la carretera a través de los terrenos de la Alvarez que posee ahora la demandante.

El demandado niega haber hecho él imposible para la demandante el goce y disfrute de la finca que tiene en arrendamiento, o que no pueda cultivarla o dedicarla a los fines que desee.

El demandado admite que las veces que la demandante ha tratado de cerrar dicho camino el demandado lo ha abierto, alegando que al hacerlo así actuó dentro de sus derechos y niega haber invadido jamás los terrenos de la demandante o los de ninguna otra persona.

Y como materia nueva alega el demandado que es dueño de cierta finca en lindes por el sur con Inocencia Alvarez; que dicha finca la adquirió de Francisca Alvarez y que los terrenos pertenecientes a Inocencia y que se describen en la demanda pertenecieron anteriormente a Agustín Alvarez, padre de ambas señoras; que al morir Agustín Alvarez este

terreno fué dividido en varias parcelas entre sus herederos, correspondiendo a Francisca la parcela de que ahora es dueño el demandado con salida a la carretera a través de los terrenos adjudicados a Inocencia; que el demandado en el año 1894 adquirió dicha finca en unión con el camino de salida que utilizaban él y los dueños de las demás parcelas que pertenecieron anteriormente a don Agustín hasta hace diez y seis años; cuando a instancias de Inocencia se varió el camino por el sitio que ocupa actualmente por ser el más corto, tomando posesión Inocencia de todo el antiguo camino y cercándolo dentro de su finca, siendo el área así obtenida muchas veces mayor que la ocupada por el nuevo camino, asintiendo el demandado a la variante por serle igual una que otra salida y por favorecer a doña Inocencia; que el demandado desde hace diez y seis años ha venido transitando por el camino así variado, quieta, pública y pacíficamente, sin interrupción alguna, siendo dicho camino la única salida de su finca a la carretera; que desde hace pocos meses la demandante ha tratado de cerrar dicho camino, lo que no ha consentido el demandado por ser la única salida a la carretera y no haberse abierto la antigua ni ninguna otra salida para la finca y que el demandado ha tratado de obtener tal salida pero la demandante siempre se ha negado a ello.

La parte pertinente de la opinión emitida por la corte sentenciadora, es como sigue:

"Los hechos principales tal como aparecen de las alegaciones y la prueba practicada son como sigue:

"Que Ana Ferrer, la peticionaria, el día primero de julio de 1917, celebró un contrato de arrendamiento con Inocencia Alvarez, de la finca rústica descrita en la petición y que Pedro Gutiérrez el demandado, colinda con el predio así reseñado por su lado norte con una finca rústica de su propiedad. Que el demandado, sin el consentimiento de la peticionaria y en uso de un derecho que alega tener, insiste en atravesar la finca de referencia así arrendada por la peticionaria con un camino, despojando con sus actos a la peticionaria de la posesión del predio arrendado.

"Para una eficiente resolución de la controversia aquí suscitada

por las partes es amplia la dicha relación de hechos, porque hemos de tener por base principal que el *injunction* es un remedio equitativo concedido por las cortes cuando las partes carecen de un remedio en ley. En el presente caso la única cuestión que hemos de determinar es si la peticionaria está colocada en esta situación o no. Indudablemente, tanto la peticionaria como la dueña de la finca de referencia, tienen por objeto el no permitir al demandado transitar por la dicha finca y existe un remedio adecuado en ley para estos casos o sea la acción negativa de servidumbre, pero únicamente puede ser ejercitado por el dueño de la finca cuya libertad se pretende, o por él que posea esta finca como tal (*Díaz* v. *Guerra* 18 D. P. R. 819); y por consiguiente en los casos de *Injunction* que tienen por objeto evitar la continuación repetida de ataques a la propiedad (*trespass*) lo mismo que en todos los demás casos cuando el peticionario tiene un remedio adecuado en ley; no debe expedirse el auto de *Injunction*. *Martínez* v. *Porto Rico Railway L. & P. Co.*, 18 D. P. R. 725.

"No creemos necesario hacer un estudio más extenso de la jurisprudencia para llegar a una conclusión respecto del derecho que pueda tener la peticionaria a un *injunction* en este caso. Y sin entrar a discutir los fundamentos alegados por el demandado, la corte opina que debe desestimarse y desestima la solicitud de *injunction* interpuesta, condenando a Ana Ferrer, la peticionaria al pago de gastos, costas y honorarios de abogado."

Según resolvió este tribunal en el caso de *Díaz* v. *Guerra, supra,* la acción de servidumbre a que ha hecho referencia la corte inferior "Unicamente puede ser ejercitada por el dueño de la propiedad cuya libertad se pretende." La demandante en este caso no es tal dueña; y no podemos ver, en estas condiciones, por qué la cuestión envuelta en el caso no puede ser resuelta como suscitada entre las partes ante la corte en un procedimiento de *injunction* como el presente. Una situación algo semejante a ésta podemos encontrar por lo menos en un caso ya resuelto, o sea el de *English & Company* v. *Jones,* 108 Ga. 123, 34 S. W. 122, en el cual la corte no tuvo al parecer dificultad alguna en llegar a una conclusión semejante. El mero hecho de que el despojo que ha sido admitido fué realizado por el apelado se llevó a cabo en el

ejercicio de un "alegado derecho", acompañado de la existencia de un remedio en ley de que puede valerse la arrendadora del demandante, pero no la demandante arrendataria, difícilmente podría sostenerse que justifica la desestimación de la demanda.

Una lectura cuidadosa del caso de *Martínez* v. *Porto Rico Railway, Light & Power Co.,* 18 D. P. R. 725, será suficiente para probar que los hechos envueltos en dicho caso eran bastante distintos de los del presente. La cuestión de una multiplicidad de acciones que pueda surgir de los repetidos actos de despojo como fundamento para un *injunction* no fué directamente promovida ni considerada detenidamente en esa fecha. Esta corte entonces sostuvo como fundamento, entre otros varios para sostener su sentencia, según la cita que hacemos del sumario del caso, lo siguiente:

"En los casos de *injunction* que tienen por objeto evitar la continuación repetida de ataques a la propiedad (*trespass*) lo mismo que en todos los demás casos, cuando el peticionario tiene un remedio adecuado en ley para obtener sentencia pecuniaria por tales ataques a la propiedad, no debe expedirse el auto de *injunction.*

Se llamó la atención de la corte como también lo revela el *syllabus,* principalmente a los diferentes aspectos de la cuestión general de los daños irreparables con relación a las circunstancias peculiares de aquel caso, indicándose en la opinión, entre otras cosas lo siguiente:

"En este caso por la demanda y por la prueba aparece claramente que el demandante puede obtener una compensación pecuniaria, toda vez que en aquella pide que se condene a indemnizarle los perjuicios sufridos y que sufra, y por la segunda se viene en conocimiento de que el demandante estaba en relaciones con el ayuntamiento de esta ciudad para cederle parte de sus terrenos para la construcción de una calle mediante una compensación pecuniaria."

En este caso, como ya hemos demostrado, la demandante no tiene remedio adecuado alguno en la ley como no sea aquel de que puede valerse toda persona que es víctima de repetidos actos de despojo, y se alega expresamente el temor a

una multiplicidad de pleitos en relación con la alegación general de los daños irreparables.

"Según aparece en la nota del caso de *De Pauw* v. *Oxley*, 13 L. R. A. (N. S.) 173, existe un marcado conflicto entre las autoridades respecto a la cuestión relativa a la concesión de un remedio mediante *injunction* en un caso de repetidos actos de despojo. Los casos que han sido resueltos con posterioridad a esa nota, si bien hasta cierto punto están caracterizados por el mismo conflicto, en conjunto sostienen la alegación que en ellos se hace, de que la ley sobre la materia y de la cual se hace anotación está experimentando una evolución completa y aclaran la tendencia de las cortes por adoptar la moderna doctrina liberal de que los meros repetidos actos de despojo son suficientes para justificar la concesión de un remedio mediante *injunction*, prescindiendo de otros fundamentos de equidad para asumir jurisdicción." Nota al caso de *Cragg* v. *Levinson*, 21 L. R. A. (N. S.) 417.

El artículo 448 del Código Civil prescribe que todo poseedor tiene derecho a ser respetado en su posesión; si fuera inquietado en ella deberá estar amparado o restituído en dicha posesión por los medios que las leyes de procedimientos establecen.

Al comentar este artículo hemos tenido ocasión de decir antes que "este precepto del estatuto y la historia de los interdictos mediante los cuales bajo el anterior procedimiento se aplicaron los principios que le informan bastarían en éste país para sancionar de no acelerar la moderna tendencia a ampliar más bien que restringir la clase de casos en que intervendrán las cortes de equidad para impedir la realización de una amenaza de allanamiento de propiedad ajena (*trespass*). *García* v. *Rodríguez*, 27 D. P. R. 309.

La sentencia apelada debe ser revocada ,devolviéndose las actuaciones a la corte de origen.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.