24779. HAMES *v.* OLD SOUTH LINES INCORPORATED.

DECIDED DECEMBER 23, 1935. REHEARING DENIED JANUARY 27, 1936.

*W. F. Moore, Charles W. Anderson,* for plaintiff.

*Haas, Gambrell & Gardner, Edgar Chambers Jr.,* for defendant.

SUTTON, J. 1. A common carrier by motor vehicle may carry both white and colored passengers in the same vehicle by separating them in the most practicable manner. Code of 1933, § 68-616; Rule 35 of the Public-Service Commission as to common carriers by motor vehicles. A common carrier of passengers is bound to exercise extraordinary diligence to prevent insult, injury, or harm to a passenger transported by it. Code of 1933, § 18-204. As such it is liable whenever a passenger being transported by it suffers insult, mortification, or embarrassment resulting directly from the failure of its servants to perform their legal duty to such passenger, or from their negligent and wrongful acts. See *Mason* v. *N. C. & St. L. Ry. Co.,* 135 *Ga.* 741 (70 S. E. 225, 33 L. R. A. (N. S.) 280) ; *Gasway* v. *A. & W. P. R. Co.,* 58 *Ga.* 216; *Cole* v. *A. & W. P. R. C.,* 102 *Ga.* 474 (31 S. E. 107) ; *L. & N. R. C.* v. *Chivers,*

11 *Ga. App.* 236 (75 S. E. 13); *Wolfe* v. *Ga. Ry. &c. Co.*, 2 *Ga. App.* 499 (58 S. E. 899); May *v.* Shreveport Traction Co., 127 La. 420 (53 So. 671, 32 L. R. A. (N. S.) 206, note).

2. The petition was not subject to general demurrer because it was not shown that the plaintiff was actually damaged by the alleged acts of the defendant or its failure to perform its duty toward her. If she suffered insult and was embarrased and mortified by reason of any negligent acts of the defendant or its servants, or by their failure to perform their legal duty toward her as a passenger, she would be entitled to recover. *L. & N. R. Co.* v. *Chivers*, supra. A plaintiff might recover nominal damages, or vindictive or punitive damages, in a proper case, even though she did not recover actual compensatory or general damages. A petition that makes out a cause of action otherwise is good against general demurrer where the plaintiff can recover nominal damages.

3. However, a petition which sets up that the plaintiff, a white girl 13 years old, was a passenger on a motor vehicle over the bus line of the defendant, a common carrier by motor vehicle, that it was necessary for her to change buses, and there was no servant of the defendant to direct her to a seat in the bus to which she changed, that she was "compelled" to seat herself in the rear of some colored passengers therein, that in a short time a colored girl boarded the bus and sat down in the seat beside the plaintiff, and that as a result the plaintiff was mortified, humiliated, embarrassed, and insulted, but which does not allege that any servant of the defendant in change of the bus knew that a colored girl sat down beside the plaintiff or knew that the plaintiff was "compelled" to seat herself or had seated herself in the rear of some colored passengers on the bus, or which does not allege that any of the servants of the defendant had anything to do with the plaintiff seating herself in the rear of such colored passengers, forced her to remain seated there, or failed and refused, after being apprised of the plaintiff's situation, to procure another and different seat for the plaintiff, or which does not allege that any servant of the defendant refused to procure the plaintiff a different seat or failed to remove the colored girl from beside the plaintiff after being apprised of the fact that she had sat down beside the plaintiff, does not make a case showing liability of the defendant. Properly construed, it appears from the petition that the plaintiff voluntarily sat down

behind the negro passengers on the bus, and, when the negro girl sat beside her, made no effort to move or to apprise any servant of the defendant of her situation, and made no effort to procure any seat other than the one she was occupying. The judge did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed, Jenkins, P. J., and Stephens, J., concur.*