## 29278. CO-OP CAB COMPANY *v.* SINGLETON.

Decided March 20, 1942.   Rehearing denied April 3, 1942.

*Swift, Pease, Davidson & Swinson,* for plaintiff in error.
*Love & Fort,* contra.

MacIntyre, J.   The petition sought damages against the taxi-cab company for injuries to person and reputation alleged to have been received as a result of the driver of the cab raping the plaintiff during the continuance of the relationship of carrier and passenger by virtue of the contract of carriage.   The judge overruled the demurrer to the petition and the defendant excepted.

The liability of common carriers to their passengers is not to be determined by the principles which control in defining their liability to third persons (who are not passengers), because the common carrier of passengers owes to the passenger an additional duty of carrying her safely to the point of her destination in accordance with the contract under which she entered the company's taxicab. *Brunswick & Western R. Co.* v. *Moore,* 101 *Ga.* 684, 686 (28 S. E. 1000) ; Michie's Carriers, 2044, §§ 2574-2576, note and cit.   The principles of law which are applicable in litigation growing out of the relationship of principal and agent or master and servant do not fully define the rights, liability and duties of common carriers and their passengers.   In this case, if we applied the principles applicable to master and servant or principal and agent in an action by a passenger against the carrier for a tort of its servant committed on the passenger during the continuance of this relation, we would ignore the high degree of care imposed on common carriers in the transportation of persons.   Id.   If the plaintiff was a passenger in the defendant's taxicab at the time she was raped by the driver of the cab, as alleged in the petition, she would be entitled to recover, for she was entitled, by virtue of her contract of passenger carriage, not only to be protected against the negligent acts

of the company's agent resulting from the omission to perform its duties to its passengers, but she was likewise entitled to be protected against the wanton and wilful act of violence wrongfully committed on her person by the servant of the company during the continuance of the relation instituted by her contract with the company. *Brunswick & Western R. Co.* v. *Moore, supra; McBride* v. *Ga. Ry. & El. Co.,* 125 *Ga.* 515, 518 (54 S. E. 674) ; *Metts* v. *Louisville & Nashville R. Co.,* 52 *Ga. App.* 115, 116 (182 S. E. 531) ; *Yellow Cab Co.* v. *Carmichael,* 33 *Ga. App.* 364, 368 (126 S. E. 269) ; *Humes* v. *Old South Lines Inc.,* 52 *Ga. App.* 420 (183 S. E. 503) ; *Locke* v. *Ford,* 54 *Ga. App.* 322 (187 S. E. 715) ; *Cole* v. *Atlanta & West Point R. Co.,* 102 *Ga.* 474, 480 (31 S. E. 107) ; *Mason* v. *Nashville &c. Ry. Co.,* 135 *Ga.* 741, 759 (70 S. E. 225) ; *Thompson* v. *Wright,* 109 *Ga.* 466, 469 (34 S. E. 560). The action here is one ex delicto, and is based on a duty imposed by law in consequence of a contractual relationship between the parties. We therefore think the judge properly overruled the demurrer to the petition. *Judgment affirmed. Gardner, J., concurs.*

BROYLES, C. J., dissenting. Where, as here, it is alleged that the plaintiff entered the defendant's cab as a passenger and instructed the driver to carry her to her home, but instead the driver carried her out on a lonely road and there committed the crime of rape upon her person and thereby inflicted certain described injuries to her person, reputation, and property, for which damages are sought, the petition does not disclose that the driver was acting within the scope of his authority, as contended by the plaintiff, but it discloses that he stepped aside from his employment for his own personal ends. Generally it is a question for a jury whether or not the servant was acting within the scope of his employment at the time in question, but here under the allegations of the petition no reasonable construction can be drawn but that the driver was not engaged in the furtherance of his master's business, but was on a private enterprise of his own. In the language of this court in *Stafford* v. *Postal Telegraph-Cable Co.,* 58 *Ga. App.* 213, 217 (198 S. E. 117), "It would be taxing reason too much to say that his [the cab driver's] conduct had any relation to or connection with the business of his employer." This case is to be distinguished from that class of cases where the defendant knew that the employee was notoriously a dissolute and abandoned character. *Sa-*

*vannah, Florida & Western Ry. Co.* v. *Quo,* 103 *Ga.* 125 (29 S. E. 607). The instant petition does not allege that the driver was such a character or that the defendant was negligent in employing him. The action is based squarely upon the proposition that the defendant was negligent solely upon the ground that when the driver raped the plaintiff he was acting within the scope of his employment. The plaintiff alleged generally that the driver was acting within the scope of his employment when he committed the acts complained of. However, she went further and amplified this general allegation by specific allegations which plainly and distinctly negatived as a fact the general charge that the acts complained of were in the prosecution of the master's business and within the scope of the agent's authority and, therefore, the specific averments will prevail. *Daniel* v. *Excelsior Auto Co.,* 31 *Ga. App.* 621, 624 (121 S. E. 692). In other words, the pleader does not merely allege the ultimate fact that the driver was acting within the scope of his employment at the time of the alleged injuries, but sets up the preliminary facts from which she claims this ultimate fact is established, and from these preliminary facts it must be concluded as a matter of law that the driver was not acting within the scope of his employment at the time he raped the plaintiff, nor was he doing any act which could be reasonably said to have any relation to or connection with the business of his employer. *Lewis* v. *Amorous,* 3 *Ga. App.* 50, 53 (59 S. E. 338). Therefore, construing the pleadings most strongly against the plaintiff, the allegation that the defendant's driver was acting within the scope of his employment at the time of the alleged rape is inconsistent with, and on demurrer must yield to, the other specific allegations of the petition. In my opinion the court erred in overruling the general demurrer to the petition.