**Vernon Eugene BRACEWELL,
Plaintiff-Appellant,**

v.

**NICHOLSON AIR SERVICES, INC., A Maryland Corporation d/b/a Cumberland Air Lines and Cumberland Air Lines, Inc., Defendants-Appellees.**

No. 83–8489.

United States Court of Appeals,
Eleventh Circuit.

Dec. 17, 1984.

Rehearing and Rehearing En Banc
Denied Feb. 5, 1985.

Roney, Circuit Judge, dissented and filed opinion.

J.C. Rary, Decatur, Ga., for plaintiff-appellant.

Glover, McGhee, Michael H. Schroder, Michael J. Athans, Atlanta, Ga., for defendants-appellees.

Before RONEY and VANCE, Circuit Judges, and SIMPSON, Senior Circuit Judge.

SIMPSON, Senior Circuit Judge:

Vernon Eugene Bracewell, a resident of Georgia, filed a diversity action in the Northern District of Georgia against Nicholson Air Services, Inc., a Maryland Corporation not licensed to do business in Georgia, for injuries received while deplaning at the conclusion of an intra-Maryland flight aboard an airplane owned and operated by Nicholson under the name Cumberland Airlines. Bracewell had purchased his ticket for the Cumberland flight from Delta Airlines, a corporation with its headquarters in Atlanta, Georgia, at a Delta ticket office located in a Georgia shopping mall, and on the basis of that sale, served process upon Nicholson under the Georgia Long Arm Statute, Off.Code Ga.Ann. § 9–10–91(1) (1984), then codified at Ga.Code Ann. § 24–113.1(a) (1981), which provides in pertinent part:

A court of this state may exercise personal jurisdiction over any nonresident ... as to a cause of action arising from any of the acts ... enumerated in this Code section, in the same manner as if he were a resident of this state, if in person or through an agent he:

(1) Transacts any business in the state;

. . . .

Nicholson moved to dismiss the suit for want of personal jurisdiction. The district court reviewed the allegations of the complaint and dismissed the case prior to discovery holding that the allegations were insufficient to show that Nicholson had transacted business in Georgia, within the meaning of the statute or that there were sufficient contacts between Nicholson and Georgia to allow a court sitting in that state to assert jurisdiction over a non-resident airline without running afoul of the concepts of "fair play" and "substantial justice" embodied in the due process clause of the Fourteenth Amendment.

This court reversed the dismissal, holding that the allegations of the complaint literally satisfied the requirements of the Long Arm Statute and that dismissal on constitutional grounds was untimely if entered prior to discovery because "Information as to defendant's contacts with the State of Georgia or lack of them is necessarily more within the defendant's knowledge that than the plaintiff's". *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104–05 (11th Cir.1982), *(Bracewell I).*

One day before the scheduled trial of the case, defendants filed a "motion for summary judgment" on the issue of personal jurisdiction. After allowing the parties to submit memoranda, the court granted the motion and dismissed the case based upon its review of the complaint, interrogatories and affidavits.[1]

We find that the district court's first ground for dismissing the case inappropriately focuses on terminology to the exclusion of substance, misinterprets state law and ignores the doctrine of the law of the case and therefore cannot withstand challenge under any recognized standard of review:

The plaintiff bases his allegation of personal jurisdiction upon Off.Code of Ga.Ann. § 9–10–91(1) which allows courts in Georgia to exercise personal

---

1. The parties and the district judge incorrectly describe the judgment entered below as a "summary judgment". The entry of summary judgment on motions challenging the jurisdiction of the court is neither required nor authorized even if the court must refer to matters outside of the pleadings in adjudicating the merits of the motions. *Alabama ex rel. Baxley v. Woody,* 473 F.2d 10, 12 (5th Cir.1973); *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.,* 469 F.2d 416, 417–18 (5th Cir.1972). Accordingly, we will refer to the judgment solely as a judgment of dismissal and will not address the merits of Bracewell's argument that the court committed reversible error in violating local rules governing summary judgment.

jurisdiction over any non-resident if he "[t]ransacts any business within this state." However, this subsection of Georgia's long arm statute applies only to matters in contract, not to those sounding in tort. *Whitaker v. Krestmark of Alabama, Inc.*, 157 Ga.App. 536 [278 S.E.2d 116] (1981); *Scott v. Crescent Tool Co.*, 296 F.Supp. 147 (N.D.Ga. 1969). Nevertheless, the plaintiff alleges that the injury he allegedly suffered (*viz.*, a broken foot) was the result of the defendant's negligence and that such negligence constitutes a "tort arising out of a contract."

. . .

The plaintiff has cited no Georgia case which holds that a carrier has a contractual duty to safely carry and disembark persons. Such actions for negligence, in Georgia, are grounded in tort, not in contract.

This court holds that the plaintiff's complaint does not state a cause of action in contract sufficient to invoke Georgia's long arm statute regardless of whether Georgia law or Maryland law is applicable.

(Order, Record 357, 358–59).

To the contrary, Maryland and Georgia both follow the widely recognized rule that a passenger who has been injured through the negligence of a carrier may sue in contract alleging that the tortious act was a breach of the contract of transportation. *St. Michelle v. Catania*, 252 Md. 647, 250 A.2d 874 (1969); *Baltimore City Pass. R. Co. v. Kemp*, 61 Md. 619 (1883); *Coop Cab Co. v. Singleton*, 66 Ga.App. 874, 19 S.E.2d 541 (1942); *Hames v. Old South Lines*, 52 Ga.App. 420, 183 S.E. 503 (1935); *Louisville & N.R. Co. v. Chivers*, 11 Ga.App. 236, 75 S.E. 13 (1912). *See also, Delta Air Lines v. Millirons*, 87 Ga.App. 334, 73 S.E.2d 598 (1952) (implicitly recognizing the rule as applying to air carriers); 14 Am. Jur.2d § 1129; 13 C.J.S. § 757.

Moreover in *Bracewell I* we expressly held that the complaint alleged sufficient facts to satisfy Georgia's Long Arm Statute and the Fourteenth Amendment, 680 F.2d at 104–05. Under the doctrine of

the law of the case, that holding is binding upon the district court and should have ended all inquiry as to the sufficiency of the jurisdictional allegations. *Morrow v. Dillard*, 580 F.2d 1284, 1289–91 (5th Cir. 1978).

Nor can we affirm the judgment on the alternative ground stated by the court; "The plaintiff has simply not shown those minimum contacts with the state of Georgia which would meet the due process requirements of the Fourteenth Amendment." In *Bracewell I* we held that allegations that "Delta Airlines, and its ticket office in DeKalb County, Northern District of Georgia, is an agent for defendant in ticketing passengers on defendant's airline," were sufficient to support an inference that Nicholson was subject to personal jurisdiction on the theory that it transacted business through its agent, Delta. Id. at 104 (emphasis omitted). There we noted that these allegations and inference of jurisdiction might be supported or overcome by defendant's responses.

Discovery may reveal that Cumberland Airlines had many agents in Georgia and that it derived substantial revenues from ticket sales in Georgia. It may show, on the other hand, that this transaction was individual and isolated and that even if the Georgia statute is satisfied as a literal matter, it would be so unfair to subject defendant to jurisdiction in Georgia that the Due Process Clause of the Fourteenth Amendment would be violated. 680 F.2d at 105.

Unfortunately, the district court misinterpreted this language and misapplied it to the results of discovery.

Defendants' responses showed that Nicholson, doing business as Cumberland Airlines, was a party to an interline agreement governing ticket sales and baggage handling. Under the terms of the agreement a signatory could choose other signatories as its agents for ticket sales. Nicholson chose, among others, four airlines which do business in Georgia as its agents for ticket sales. While Nicholson acknowledged that Delta generated over thirty thousand dol-

lars worth of sales for Nicholson for which it received payment at its Atlanta, Georgia headquarters, it averred that it had no way of knowing which, if any, of those sales were generated by Delta's Georgia sales offices:

> The flight coupon is routinely transmitted to the airline which sold it for credit to the airline which sold it to the airline who (sic) provided passage to the passenger. These flight coupons are filed by numbers, and without the number of the ticket, no such compilation is possible. It would be extremely burdensome upon all airlines in the United States and foreign countries to attempt to search through each of the millions of flight coupons hunting for a coupon for passage on the defendant's flights issued by some airline with an office in Georgia. This would literally be an impossible task.

(Defendant's Answers to Plaintiff's First Interrogatories, Record 336, 342).

The district court held that this response was fatal to the plaintiff's proof of jurisdiction even though discovery established that defendants maintained agents in Georgia.

> Even if a contractual claim were stated in the complaint, personal jurisdiction over the defendant would be lacking, since the plaintiff has failed to show that the defendant's contracts (sic) with the state of Georgia are not so isolated that it would be unfair to subject the defendant to jurisdiction in Georgia and that the due process clause of the Fourteenth Amendment would be violated. The defendant's only contact with the state of Georgia is the fact that it is a signatory to an interline agreement between numerous airlines, which permits one airline company to write tickets for another airline company. To base jurisdiction solely upon this interline agreement would mean that every airline which is a signatory to that agreement would be amenable to jurisdiction in every state, even if the airline did not fly into, out of, or across that state, even if no injury occurred in that state and even if no substantial revenue was derived from that state.

In the instant case, the plaintiff has failed to show how much revenue the defendant generated through ticket sales in Georgia. The plaintiff has presented evidence that the defendant received approximately $30,000 from Delta Air Lines through ticket sales by Delta; however, this does not mean that these ticket sales were in Georgia, but it means merely that the funds were paid to the defendant through Delta's headquarters, which is in Atlanta, Georgia, regardless of which state the tickets were sold in. The burden is, of course, upon the plaintiff to prove sufficient facts to establish jurisdiction, when jurisdiction is challenged. [citations omitted].

> \* \* \* \* \* \*

> The defendant's only contact with this state is when a common carrier, unbeknownst to Cumberland Air Lines, issues to one of its passengers a ticket on a Cumberland Airlines flight as a connecting flight. The ability of a common carrier to issue such a ticket is based upon an inter-airline ticketing and baggage agreement to which the defendant is a signatory.

> The plaintiff has simply not shown those minimum contacts with the state of Georgia which would meet the due process requirements of the Fourteenth Amendment.

Order, Record 359–361.

In *Bracewell I* we held that plaintiff's jurisdictional allegations were sufficient to support an inference that Nicholson had subjected itself to the jurisdiction of courts sitting in Georgia. 680 F.2d at 104–05. Defendant's responses to plaintiff's interrogatories not only fail to invalidate that inference, they corroborate the allegations from which it arose. Nevertheless, the district judge dismissed the action on jurisdictional grounds because the plaintiff could not prove the volume of business that the defendant generated in Georgia. We reverse on this second point because the district court ignored the law of the case and applied an unduly burdensome standard of proof.

██ Under the doctrine of the law of the case the district court was bound by the necessary implications of our decision in *Bracewell I* as well as its express holding. *Morrow v. Dillard,* 580 F.2d at 1290. Our holding that the allegations were sufficient to support an inference that Nicholson had subjected itself to the jurisdiction of courts sitting in Georgia necessarily implies that one may infer that the defendant had sufficient contacts with Georgia to satisfy all statutory and constitutional requirements for the exercise of long arm jurisdiction, See *Bigelow-Sanford, Inc. v. Gunny Corp.,* 649 F.2d 1060, 1063–64 (5th Cir. 1981) (required contacts described).

 If the defendant raises a question of personal jurisdiction and the district court elects to decide the question solely on the basis of the pleadings and affidavits, it must accept as true those allegations of the complaint which are not controverted by defendant's evidence and deny the motion to dismiss if the plaintiff presents a prima facie case of jurisdiction.[2] *Brown v. Flowers Industries, Inc.,* 688 F.2d 328, 332 (5th Cir.1982). Bracewell's jurisdictional allegations are uncontroverted; he has met his burden of proof. Though this prima facie showing of jurisdiction might be overcome by proof that the sale of tickets in Georgia was such an isolated and individual event that the due process clause of the Fourteenth Amendment would be violated if the district court asserted its jurisdiction over Nicholson, *Bracewell I,* 680 F.2d at 105, the plaintiff is not required to come forward with evidence of the extent of the airline's activities in the absence of evidence which even supports an inference that the airline (which has done over thirty thousand dollars worth of business with Delta's Georgia headquarters) has done no significant business in that state.

Finally, we note that certain findings upon which the court based its decision are either controverted or unresolved by the record.

For the reasons stated above we reverse the judgment below and remand the case to the district court for further proceedings.

REVERSED and REMANDED.

RONEY, Circuit Judge, dissenting:

I respectfully dissent on the ground that the mere sale of tickets in Georgia by Delta Airlines through the Interline Traffic Agreement to travel on this charter and commuter airline that flies between Baltimore and Cumberland, Maryland, does not subject the commuter airline to Long Arm jurisdiction in Georgia, for the trial of this personal injury action, whether asserted as a tort or a contract claim.

---

2. "A prima facie case ... consists of sufficient evidence ... to get plaintiff past a motion for directed verdict in a jury case or motion to dismiss in a nonjury case. It is the evidence

necessary to require the defendant to proceed with his case." *White v. Abrams,* 495 F.2d 724, 729 (9th Cir.1974) (emphasis omitted).