THE GEORGIA RAILROAD AND BANKING COMPANY *v.* WOOD.

The evidence being silent as to the specific duty of the servant of the railway company, but indicating that he was acting in the capacity of brakeman, and this servant, while the train was in motion and he was upon it, having thrown a stone at a boy who had just attempted to swing to or climb upon the train, and who with others had previously been in the habit of committing or attempting similar trespasses, the stone being thrown after the boy had ceased

attempting to trespass upon the train on the given occasion and had retreated to private premises adjacent to the street and while he was there endeavoring to conceal himself behind a post; and the stone by accident having missed the boy and hit and injured another person who was then on the same premises, no presumption arises that at the time of throwing the stone the servant was acting in behalf of the company or within the scope of his employment as to anything then done or attempted to be done with a view to injure or affect the boy; consequently, the company is not liable for the injury thus done to the third person.

July 16, 1894.

Action for damages. Before Judge RICHARD H. CLARK. DeKalb superior court. August term, 1893.

J. B. CUMMING, M. A. CANDLER and BRYAN CUMMING, for plaintiff in error. SMITH & PENDLETON, *contra.*

SIMMONS, Justice.

Anna Wood, a girl twelve years of age, was struck and injured by a stone thrown from a train of cars by an employee of the railroad company, and her father, as next friend, sued the company in her behalf for damages, and sued in his own behalf for the loss of her services. The cases were consolidated and tried together, and a verdict was rendered in each case in favor of the plaintiff. The railroad company made a motion for a new trial, which was overruled, and it excepted.

It appeared from the evidence that on the day of the injury, as the defendant's train was leaving Stone Mountain, a station on its line of road, a man standing on the top of one of the cars, threw a stone at a boy who, with other boys, had just attempted to swing to or climb upon the train and had previously been in the habit of committing or attempting similar trespasses, but who had then run off from the train into a private yard and was endeavoring to conceal himself behind a post. The stone missed the boy and struck the plaintiff's daughter, who was standing on the porch of his house. There was evidence tending to show that the man who threw

the stone had been seen to throw stones from the train at these boys on previous occasions, and that he was acting in the capacity of a brakeman.

We think the court erred in not granting a new trial. The evidence is silent as to the specific duties of a brakeman, and does not show what authority this employee had from the railroad company to keep trespassers off the train; but assuming that this came within the scope of his duties, no presumption arises that he was acting within the scope of his employment in throwing a stone at this boy with a view to injuring him after he had desisted from the trespass and gone off from the train. A master is not liable for the acts of his servant when such acts are not done within the scope of the employment in which the servant is engaged. If the brakeman, while these boys were engaged in the trespass, had, in attempting to prevent the trespass or cause them to desist, injured one of them through negligence or carelessness or by using more force than was necessary for the purpose, the company would perhaps be liable. See Wood, Master and Servant, p. 537; Rounds v. Railway Co., 64 N. Y. Rep. 129. But after the boy had desisted, the company would not be responsible for an injury inflicted on him by the brakeman in attempting to punish him for the trespass. See Golden v. Newhand, 52 Iowa, 59; Allen v. Ry. Co., L. R., 6 Q. B. 65.

*Judgment reversed.*