### 16032. LATIMORE *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.*

1. The presumption of negligence arising against a railway company under section 2780 of the Civil Code (1910), on account of a tort committed by its agent and servant, does not arise until it has been shown that the act complained of was perpetrated by the servant in the conduct of the business of his employment.

2. In the absence of any such presumption, and there being no evidence going to show as a matter of fact that the servant was acting for and engaged in the conduct of the master's business in committing the homicide, the court did not err in granting a nonsuit.

DECIDED AUGUST 21, 1925.

Action for damages; from Warren superior court—Judge Shurley. October 7, 1924.

*R. W. Ware, C. E. Sutton,* for plaintiff.

*Miles W. Lewis, E. P. & J. Cecil Davis, L. D. McGregor, M. L. Felts,* for defendants.

JENKINS, P. J. The decedent for the value of whose life this suit was instituted was found dead from a pistol wound, in the railway-yards of the defendant companies and by the side of their tracks, where he had been killed during the night. It appears from the record that a guard employed by the defendant companies to protect their property from depredations during a strike surrendered himself to the authorities as the perpetrator of the homicide. The petition alleges that the deceased was killed by the guard in a fit of temper, because the deceased had refused to obey promptly his command to vacate the defendants' premises. There was no evidence that the deceased was attempting any depredation on the defendants' property at the time of the homicide. The evidence shows that he was not a railway employee, and it

does not appear that he had any connection with the strike. There was evidence that pedestrians were in the habit of frequenting the right of way where the homicide occurred. A wrench was found lying near one of the hands of the decedent, and in the other hand was a half-burned cigarette. There was no evidence in support of the allegations of the petition as to how the homicide occurred, the record showing nothing whatever in that respect. The trial judge granted a nonsuit.

Section 2780 of the Civil Code (1910) provides as follows: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Thus, an injury or a homicide inflicted by a railway employee, not only while on duty as such, but committed in the actual conduct of the business of his employment, renders the company presumptively liable; and this is true even though the employee may have exceeded his express or implied authority in the manner, means, or method employed in the performance of the duties of his employment. This rule must, however, be construed together with the general law as embodied in section 4413 of the Civil Code, which provides that, in order for the master to be liable for the tort of his servant, the injury must have been committed by the master's "command or in the prosecution and within the scope of his business," and must have been "within the scope of the agent's employment." Before the presumption of negligence against the company can arise with reference to the act complained of, it must first be shown that the act was the act of the company. Under the general law the burden rests on a plaintiff to prove his case, but under section 2780, when it is shown that the injury complained of was occasioned by the running of the defendant's train, or was the act of the company done by its servant while acting in the performance of the duties of his employment, a presumption of negligence arises against the company. But while section 2780 raises the presumption of negligence against the company for its own acts and conduct by its agents in the performance of the duties of their em-

ployment, it does not further change the general law of dispensing with proof on the part of the plaintiff, by raising a further and additional presumption that a tort committed by one who was an employee was done for and on behalf of the company while acting for it in the performance of the duties of the employment. There being no evidence whatever as to how or in what manner the homicide occurred,—none that it was perpetrated by the servant in furtherance of his.duties owed to the master, or was in any way connected with the performance of such duties,—the presumption of negligence which would arise upon such proof does not obtain; and.the judge did not err in granting a nonsuit. See Civil Code (1910), § 4413; *Columbus & Rome Ry. Co.* v. *Christian,* 97 *Ga.* 56, 57 (25 S. E. 41); *Ga. R. Co.* v. *Wood,* 94 *Ga.* 124, 126 (21 S. E. 288, 47 Am. St. R. 146); *Gray* v. *Ga. So. & Fla. Ry. Co.,* 20 *Ga. App.* 201 (1) (92 S. E. 961).

*Judgment affirmed. Bell, J., concurs.. Stephens, J., dissents.*