26241. HEATH *v.* ATLANTA BEER DISTRIBUTING COMPANY *et al.*

DECIDED SEPTEMBER 10, 1937. REHEARING DENIED OCTOBER 7, 1937.

*F. L. Breen, S. T. Allen, D. T. Pye,* for plaintiff.

*Etheridge, Belser & Etheridge,* for defendants.

SUTTON, J. Peter Heath Sr. brought an action for damages for the wilful killing of his son, Peter Heath Jr., against Oran Dodd, Ralph Owens, and the Atlanta Beer Distributing Company, it being alleged that the deceased left no wife or children, and that his mother predeceased him. The petition, among other things, substantially alleged that Oran Dodd was the sole owner of the Atlanta Beer Distributing Company, a corporation which he was using as a guise and subterfuge for the purpose of dealing in intoxicating liquors; that Oran Dodd and this corporation had reason to believe that Walt Jones had stolen a number of cases of their intoxicating whisky, and this belief did engender in the heart of Dodd an ill will and hatred for Jones; that Dodd, acting for himself and the Atlanta Beer Distributing Company, decided to recover in an unlawful manner the stolen whisky, and thereupon he called in his associate Ralph Owens for the purpose of assisting them in taking possession of said whisky wherever it might be found; that they did break into an unoccupied room on Whitehall Street near the place of business of the Atlanta Beer Distributing Company, where Dodd claimed they recovered the stolen liquor; that, while angry at Walt Jones on account of the supposed theft by Jones of said whisky, Dodd for himself and the Atlanta Beer Distributing Company decided to assault and kill Jones for the theft of said whisky, and did continue to engage and associate Owens in the pursuit of Jones by means of an automobile along Whitehall Street from the place of business of Dodd and the Atlanta Beer Distributing Company to and thence along Garnett Street; that Dodd, acting for himself and the Atlanta Beer Distributing Company, conspired and confederated with Owens to join them and to aid and assist them in committing an unlawful and felonious assault on Jones for the fancied wrong committed on Dodd and the Atlanta Beer Distributing Company; that Dodd and Owens, both armed with revolvers, set out to execute said unlawful intent; that, while aiding, abetting, and assisting each other in trying to feloniously kill Jones for revenge and hatred because of said fancied theft, they fired their

pistols at him on Garnett Street and in the direction of the sidewalk along said street where people were walking, and at this place, on August 1, 1935, while shooting at Jones, they wilfully and wantonly shot and killed Peter Heath Jr., an innocent bystander, without reason or justification. The Atlanta Beer Distributing Company filed general and special demurrers, which were sustained, and the action was dismissed as to that defendant. The plaintiff excepted to that judgment.

1. The question for determination is whether the petition set out a cause of action against the Atlanta Beer Distributing Company. While it is alleged that Oran Dodd was the sole stockholder and owner of this corporation, it still remains a separate entity and distinct person in law. "Every corporation is a person—artificial it is true, but nevertheless a distinct legal entity. Neither a portion nor all of the natural persons who compose a corporation, or who own its stock and control its affairs, are the corporation itself; and when a single individual composes a corporation, he is not himself the corporation. In such case, the man is one person created by the Almighty, and the corporation is another person created by the law." *Exchange Bank* v. *Macon Construction Co.*, 97 *Ga.* 1, 5 (25 S. E. 326, 33 L. R. A. 800). The corporation would not be liable for the alleged acts of Dodd unless he was acting within the scope of his employment or in the line of business of the corporation. What are the facts as disclosed by the petition in this respect? It is alleged that Oran Dodd and the Atlanta Beer Distributing Company had reason to believe that Walt Jones had stolen a number of cases of their whisky; that this belief did engender in the heart of Oran Dodd an ill will and hatred for Walt Jones; and that, after Dodd and Ralph Owens by force had repossessed the alleged stolen property, Dodd for himself and the corporation decided to assault and kill Jones for the supposed theft of the whisky; that they conspired with Ralph Owens to aid and assist them in the commission of an unlawful and felonious assault on Jones; and that, armed with revolvers, Dodd and Owens pursued him by means of an automobile for the purpose of committing said assault. Before this, the alleged theft had been committed and the property recovered. So the acts of Dodd and Owens in this respect were not to protect the property of the corporation or to prevent a trespass from be-

ing committed. This was not in furtherance of the business of the corporation, nor could these parties have been acting within the scope of their employment. But the petition shows that the supposed theft of the whisky engendered in the heart of Oran Dodd ill will and hatred for Walt Jones, and that while thus angered he decided to assault and kill Jones for revenge because of said fancied theft. Ill will and hatred are born and nurtured in the brain and breast of man, not in an inanimate corporation. Clearly, this was a personal matter on the part of Dodd, and his alleged acts and those of his procured accomplice, Ralph Owens, in this respect were to appease his own ill will and hatred for Jones on account of the alleged theft of whisky; and, unfortunately, the plaintiff's son, an innocent bystander, was a victim of' such acts.

In *Smith* v. *Seaboard Air-Line Railway*, 18 *Ga. App.* 399, 400 (89 S. E. 490), it was held: "A railway company would not be liable for wilful injury by one of its conductors, not committed within the scope of his authority, or in the furtherance of the business of the company, upon a person not a passenger, in an effort of the conductor to punish for what the conductor might consider an offense against him or the company, previously committed." In *Georgia Railroad Co.* v. *Wood*, 94 *Ga.* 124 (21 S. E. 288), it was said: "We think the court erred in not granting a new trial. The evidence is silent as to the specific duties of a brakeman, and does not show what authority this employee had from the railroad company to keep trespassers off the train; but assuming that this came within the scope of his duties, no presumption arises that he was acting within the scope of his employment in throwing a stone at this boy with a view to injuring him after he had desisted from the trespass and gone off· from the train. A master is not liable for the acts of his servant 'when such acts are not done within the scope of the employment in which the servant is engaged. If the brakeman, while these boys were engaged in the trespass, had, in attempting to prevent the trespass or cause them to desist, injured one of them through negligence or carelessness or by using more force than was necessary for the purpose, the company would perhaps be liable. See Wood, Master· and Servant, p. 537; Rounds *v.* Railway Co., 64 N. Y. Rep. 129. But after the boy had desisted, the company

would not be responsible for an injury inflicted on him by the brakeman in attempting to punish him for the trespass. See Golden v. Newhand, 52 Iowa, 59; Allen v. Ry. Co., L. R., 6 Q. B. 65." *Central Railway Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989), cited and relied on by the plaintiff, is not contrary to our ruling here. It was held in that case that a master is liable for the wilful torts of his servant, committed in the course of the servant's employment, and that a railroad company is liable as a trespasser to a passenger for an unjustifiable assault made upon him by the conductor of the train, the conductor being engaged in the company's business and in the conduct thereof making such assault. Under the allegations of the petition in the present case, we are of the opinion that the corporation would not be liable, and that the court did not err in sustaining the general demurrer and in dismissing the case as to the Atlanta Beer Distributing Company. In this view, it is not necessary to pass on the special demurrers.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*