30716.   SMITH, next friend, *v.* COLONIAL STORES INC.

Decided February 13, 1945.   Rehearing denied March 16, 1945.

*Colon J. Cogdell,* for plaintiff.

*Reese, Scarlett, Bennet & Gilbert,* for defendant.

GARDNER, J. ■ We have given the pleadings and the evidence somewhat in detail for the reason that the only assignment of error here is on the judgment directing a verdit for the defendant. We have studied the record carefully. It would not sustain a verdict for the plaintiff on either theory: (a) "At the instance, with·the approval, and under the direct orders and instructions of defendant's agents," as the plaintiff alleged in paragraph· 7, based on the Code, § 105-108; or (b) a ratification as provided in the Code, § 105-109. Section 105-108 reads: "Every person shall be liable for torts committed by his wife, his child, or his servant,

by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." Section 105-109 reads: "By ratification of a tort committed for one's benefit, the ratifier becomes liable as if he had commanded it; otherwise, if the act was done for the benefit of a third person." (a) As to the first theory, the plaintiff himself testified that he did not know what the conversation was between the manager (Ship) and the employee (Wrench), who hit him, and there is no evidence in the record sufficient to make a jury issue of this question. On the contrary, not only the manager of the defendant's store (Ship) testified that the difficulty did not occur at his instance or procurement or command, but he testified most positively that it did not, so also did the other witnesses for the defendant, Collins and Wrench, who heard the conversation between Wrench and Ship, testify that Wrench did not strike the plaintiff at the instance, procurement, or command of the manager or any other agent of the defendant. The whole evidence reveals no circumstances which would justify a jury in finding that the plaintiff was struck at the instance, procurement, or command of the defendant. The whole evidence reveals that it was purely a personal matter between Tom Wrench and the plaintiff, and the evidence preponderates to the side that as a personal matter between Wrench and the plaintiff, the plaintiff was at fault. (b) But it is contended by the plaintiff that it was a jury question as to whether the conduct of the company in discharging the plaintiff and retaining Wrench amounted to a ratification of the alleged tortious act which Wrench committed against the plaintiff. Again, we are forced to look to the whole evidence to see whether this contention is sound. As we stated above, in our view the matter was purely personal between Wrench and the plaintiff, with the plaintiff being in the wrong. When we view the conduct of the plaintiff from his own testimony, he, upon invitation, because of previous difficulties, put up his knife and engaged in a mutual fisticuff. The evidence shows further that during the few weeks of his employment he had been a disturbing factor (his own evidence partially proves this). The other employees of the defendant who testified, had been in the defendant's employment from seven to eleven years. Under these circumstances, particularly as related by the manager Ship, the defendant was perfectly justified, as we see it, in discharging

the plaintiff and retaining Wrench. The act of doing so does not, under any view of the record, raise an issue of ratification to submit to the jury. Therefore it follows that the court did not err in directing a verdict.

■ Before pleading to the merits of the case, the defendant filed a demurrer to the effect that the allegations of the petition showed that if any cause of action existed in favor of the plaintiff, exclusive jurisdiction vested in the State Board of Workmen's Compensation and not in the superior court, under the provisions of the workmen's compensation act. The court overruled the demurrer. The plaintiff's bill of exceptions to this court recites that the defendant filed exceptions pendente lite to this judgment of the trial court in overruling the demurrer; but the defendant assigns no error in this court on the overruling of its demurrer. Therefore it follows that this court is without authority to review the judgment on the demurrer.

After the case had closed for the introduction of evidence, the defendant made a motion for a directed verdict on two grounds: (a) that the evidence failed to show that the alter ego of the company had anything to do with the difficulty between Wrench and Smith; and (b) that the defendant came under the provisions of the workmen's compensation act, and therefore the superior court was without original jurisdiction to pass upon the plaintiff's case, if any he had. We have already observed that the evidence is insufficient as a matter of law to sustain a verdict against the defendant. This conclusion, it seems, would terminate this case. But since able counsel for both parties argue the question of jurisdiction under the evidence (counsel for the plaintiff in error arguing that it does not show jurisdiction in the State Board of Workmen's Compensation, and counsel for the defendant contending that if the plaintiff has any cause of action the jurisdiction to determine the matter vested exclusively in the State Board of Workmen's Compensation), we will comment on the question for what it may be worth. In our view of the case the evidence in no wise shows that the incident arose out of and during the course of the employment. It is true that Wrench and the plaintiff were coemployees of the defendant, but the incident between them so far as the evidence discloses, did not arise out of and during the course of and within the scope of their employment in a sense to

make such incident an "accident" within the meaning of the workmen's compensation act. This court very clearly covered such a situation as here made by the evidence in *Keen* v. *New Amsterdam Casualty Co.*, 34 *Ga. App.* 257, 259 (129 S. E. 174), as follows: "The rule would be and has been held to be different, under a variety of circumstances, where the assault upon the claimant was not incident to but was altogether casual to the employment, and did not have its origin in and naturally flow from the conduct of the business, or where, although the assault did originate in the course of the business, it was directed against the employer or a coemployee, and the claimant was not himself subjected to the risk as a natural incident to his presence and employment." If the evidence had measured up to and sustained the allegations of the petition, a different question might have been presented.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

### ON MOTION FOR REHEARING.

The plaintiff filed a motion for rehearing and quoted from the opinion as follows: "The whole evidence reveals no circumstance which would justify a jury in finding that the plaintiff was struck at the instance, procurement, or command of the defendant." It is stated that this excerpt represents the controlling factor in the affirmance of the case. It does. It is contended that in this excerpt and in no part of the opinion did the court take into consideration the following evidence of the plaintiff, Robert Smith: "I heard Tom Wrench [defendant's agent who made the actual physical assault] testify in the justice's court in the hearing touching this case, and he said Mr. Ship [acting manager] told him to go back down there and straighten it out and beat hell out of me." The plaintiff states: "Assuming that the statement in question was made by the defendant's agent, such a statement within itself would have justified and authorized a jury in finding that the witness Tom Wrench was acting under instructions and in the interest of his employer." It is contended that Wrench denied so testifying in the justice's court. Let us analyze this contention of the plaintiff in this motion for rehearing. Let us assume that the case had been submitted to a jury. On this particular point the jury could only have impeached Wrench by believing the plaintiff's statement as to what Wrench testified in the justice's court. In such event we would then have the jury considering

what the plaintiff Smith *said* that Wrench *said* that manager Ship said. This would be purely hearsay, without probative value, and insufficient as a matter of law on which to base a verdict against the defendant. Therefore the motion for rehearing is denied.