32512.  DAVIDSON *v*. HARRIS INC.

DECIDED JULY 16, 1949.  REHEARING DENIED JULY 28, 1949.

*Saul Blau, Albert E. Mayer,* for plaintiff.

*Matthews, Long & Moore,* for defendant.

GARDNER, J. (a) Counsel for the plaintiff contend: (1) that the plaintiff at the time she was injured was using the stairway as an invitee of the defendant; (2) that the plaintiff was injured as a result of the negligence of the defendant's servant, Ethel Wheeler; (3) that at the time of the injury such servant, Ethel Wheeler, was acting in furtherance of her master's business and within the scope of her employment. It is contended by the plaintiff that the evidence would have authorized the jury to find the defendant liable under these three principles. As to the first principle, there seems to be no ground of contention, and there is none made, that the plaintiff at the time of the alleged occurrence was not an invitee of the defendant. As to the second contention, we might assume, without deciding, that the injury to the plaintiff was the result of the negligence of Ethel Wheeler. As to the third contention, it is our opinion that the case turns on whether or not Ethel Wheeler was *acting in furtherance of her master's business and within the scope of her employment.* We will therefore discuss the principle as contended by the plaintiff in this third ground.

The general rule of law is that the invitor owes the invitee a duty not to injure him by his negligence or that of his servants while they are acting within the scope of their employment or in furtherance of the master's business. Counsel for the plaintiff cite and discuss many authorities as to this principle of law. Counsel for the defendant make no issue as to this principle of law, but the question is, does the evidence in this case prove that Ethel Wheeler, at the time of the injury sustained by the plaintiff, was acting in the course of her employment and in

furtherance of her master's business? Let us then look to the authorities as to this issue. It seems clear to us that the case is controlled adversely to the plaintiff by the following authorities: In *Ætna Casualty & Surety Co.* v. *Honea*, 71 *Ga. App.* 569 (3) (31 S. E. 2d, 421), the court said: "The uncontroverted evidence in the present case shows that the claimant was injured during her lunch-hour period, while she was going from the room on the fourth floor of the building where she worked to the beauty parlor on the second floor of the same building to have her hair dressed; that she had forty-five minutes for lunch, which time was her own to use as she chose. *Held:* her preparation for and going to have her hair dressed was her individual affair, and was no part of her employer's work." While it is true that that is a compensation case, the principle of law is the same. The employee, there as here, was "on her own" during the lunch period. In *Austin* v. *General Accident &c. Corp.*, 56 *Ga. App.* 481 (193 S. E. 86), another compensation case, this court said: "The claimant . . was employed by the Henry Grady Hotel Co. as an elevator operator. . . She was allowed at least one 15-minute rest period every day . . and during these rest periods she was at liberty to obtain water [and other things], the only requirement being that she be back on the job at the end of fifteen minutes. During one of these rest periods . . she went into the basement of the hotel . . and in attempting to obtain some ice out of a machine used to crush ice, her hand was severely injured by some of its moving parts." In that case, following the decision of the Supreme Court in *Ocean Accident & Guarantee Corp.* v. *Farr*, 180 *Ga.* 266 (178 S. E. 128), the Court of Appeals held that the injury to the claimant did not arise out of her employment, and affirmed the denial of compensation.

In *Great Atlantic & Pacific Tea Co.* v. *Cox*, 51 *Ga. App.* 880 (181 S. E. 788), this court said: "1. It is the duty of one who invites members of the general public to come to his place of business to protect such customers or invitees from injury caused by misconduct of his own employees in the conduct and scope of his business, and from the misconduct of other persons who come upon the premises.

"2. If the conduct of such employees outside of the scope

of their employment, or of third persons or customers, is such as to cause any reasonabe apprehension of danger to other customers or invitees because of such conduct, it is the duty of the proprietor to interfere to prevent probable injury; and a failure so to interfere, and consequent damage, will subject such proprietor to an action for damages for such negligent failure to prevent the injury.

"3. This duty of interference on the proprietor's part does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger.

"4. An employer is not liable for the misconduct of an employee without the scope of his employment.

"5. The evidence in this case did not disclose any negligence for which the defendant was legally liable, and the verdict in favor of the plaintiff was contrary to law."

It will be noted that in the *Cox* case, supra, the court discusses at considerable length and quotes from the case of *Moone* v. *Smith*, 6 *Ga. App.* 649 (65 S. E. 712), to this effect: "If, therefore, there is any reasonable apprehension of danger to such customer from the unlawful conduct of other customers or third persons, or if personal injury from the misconduct of other customers or third persons can be prevented by the proprietor by the exercise of ordinary care and diligence, he may be guilty of negligence for his failure to use it, and consequently responsible in damages." It will thus be seen, from the principle of law discussed in the *Cox* case, supra, that while it is the duty of the proprietor, inviting persons to come on the premises, to protect such customers from injury caused by misconduct of his own employees and others, nevertheless this duty does not arise until the danger is apparent or the circumstances are such as would put a prudent person on notice of the probability of danger. It will be noted from the evidence in the instant case that the proprietor of the defendant had no knowledge or reason to believe that Ethel Wheeler would engage in such conduct as is alleged in the petition. And it will be further noted that she was on her own time during her lunch period and could go any place and do anything she pleased during this period. While it is true that she was required as a waitress to be neat in ap-

pearance, she was not required to freshen herself in the rest room of the defendant. It therefore follows, in our opinion, that in the fifteen minutes of time left before she was to return to work and while she was of her own volition on her way to the rest room to freshen up, she could not be said to have been engaged in the furtherance of her master's business. She was at that time on the same footing as an invitee and, as observed above, the master would not be liable for her conduct, as alleged in the petition, until he knew or had reasonable grounds to be chargeable with knowing that her conduct, as alleged, was occurring and in reasonable probability would result in injury to a customer of the employer. There is no allegation in the petition and no evidence in the record to support the contention that the defendant is liable in damages for the injury which the plaintiff received. In that view the court did not err in granting a nonsuit.

Counsel for the plaintiff seek to distinguish the cases cited above, which we think control the issue in the instant case, and they also cite in addition thereto: *Maryland Casualty Co.* v. *Sanders,* 49 *Ga. App.* 600 (176 S. E. 104); *Plumer* v. *Southern Bell Telephone Co.,* 58 *Ga. App.* 622, 627 (199 S. E. 353); *Causey* v. *Swift & Co.,* 57 *Ga. App.* 604 (196 S. E. 228), and 35 Am. Jur., § 561, "Master and Servant." Counsel also cite, in this connection, 57 C. J. S. 413, § 617, as follows: "Where it is doubtful whether a servant in injuring a third person was acting within the scope of his authority, the doubt will be resolved against the master. . . At least to the extent of requiring the question to be submitted to a jury for determination." As to this last quotation, we do not think that there is a doubt as to whether or not Ethel Wheeler injured the plaintiff while about the master's business. But under the authorities on which we base this decision, she was not about her master's business.

Counsel for the plaintiff cite many other authorities in support of their contention under 3 as subdivided above. We do not feel called upon to go into any lengthy discussion as to how the facts in such cases distinguish themselves from the facts in the instant case. But we will call attention to the additional authorities cited by the plaintiff: Code § 105-108, as to the liability of a person for the acts of his servant within the scope

of his business; 35 Am. Jur., § 552, "Master and Servant," as to the test of liability; *Dawson Motor Co.* v. *Petty,* 53 *Ga. App.* 746, 748; *Limerick* v. *Roberts,* 32 *Ga. App.* 755; McDonald *v.* Simpson-Crawford Co., 100 N. Y. 269.

The court did not err in granting a nonsuit in the instant case.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*