32979. DAVIDSON *v.* HARRIS INCORPORATED.

GARDNER, J. This case is based upon the same state of facts as will be found in *Davidson* v. *Harris Inc.,* 79 *Ga. App.* 788 (54 S. E. 2d, 290). In that case the wife of the present plaintiff brought suit for alleged injuries which she received by reason of the negligence of the defendant and its servants. Here the husband is suing based upon the same state of facts. It is conceded that if the court was right in the decision

of *Davidson* v. *Harris Inc.,* supra, in which it affirmed a judgment of nonsuit against Mrs. Davidson, then the instant case in which a nonsuit was granted against the husband on the same state of facts for loss of services of his wife, should likewise be affirmed.

It is contended by the plaintiff in error in the instant case that the decision in *Davidson* v. *Harris Inc.,* supra, is in direct conflict with the case of *Holman* v. *American Automobile Insurance Co.,* 201 *Ga.* 454 (39 S. E. 2d, 850), and that if this court's attention had been called to the *Holman* case when *Davidson* v. *Harris Inc.,* supra, was decided, the decision in that case would have been different. We have studied carefully the decision in *Davidson* v. *Harris Inc.,* supra, as well as the decision in the *Holman* case, supra. We disagree with counsel for the plaintiff in error that the facts in the *Holman* case require a different judgment in the instant case than was rendered in *Davidson* v. *Harris Inc.,* supra. We see no necessity in going into a lengthy comparison as to the cases. It would appear to us that in the event we should overrule the decision in *Davidson* v. *Harris Inc.,* supra, as set out in 79 *Ga. App.* 788 (supra), we would likewise have to overrule the decisions which were cited in that case, particularly *Great Atlantic & Pacific Tea Co.* v. *Cox,* 51 *Ga. App.* 880 (181 S. E. 788). We call particular attention to headnote 3 of the *Cox* case, as follows: "This duty of interference on the proprietor's part does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger." One of the main distinctions between the *Holman* case, and the instant case, is that in the former the question of furnishing a safe place for the servant to work and eat was involved. In the instant case the question is whether the "horse play" of the servants when off duty and without any knowledge of the master would subject the master to liability for such conduct of the servants when the master had no knowledge of it. There are many other distinctions which occur to us between the two cases.

Counsel for the plaintiff in error call our attention to many other cases, both foreign and from the Georgia appellate courts. We have read them carefully. We find nothing in any of them to cause us to recede from the ruling in *Davidson* v. *Harris Inc.,* 79 *Ga. App.* 788 (supra). Consequently, the judgment in the instant case is affirmed.

The court did not err in granting a nonsuit.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

Decided May 3, 1950. Rehearing denied June 6, 1950.

*Saul Blau,* for plaintiff.

*Matthews, Long & Hendrix,* for defendant.