## 34631. COMMUNITY THEATRES CO. *v.* BENTLEY, next friend.

DECIDED MAY 16, 1953—REHEARING DENIED JUNE 1, 1953.

*Thomas J. Long*, for plaintiff in error.

*Hugh Howell, Jr., Howell & Howell, John I. Hynds*, contra.

TOWNSEND, J. The allegations of the petition, to the effect that the defendant knew or in the exercise of ordinary care should have known of the criminal propensities of the manager of its theater, are sufficient to show implied or constructive notice only. *Babcock Bros. Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (6) (48 S. E. 438); *Central of Ga. Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (2) (89 S. E. 841); *Echols* v. *Patterson*, 60 *Ga. App.* 372 (2) (4 S. E. 2d 81). No facts are alleged sufficient to put the employer on such notice or inquiry that its retention of the employee in its service would constitute negligence on its part. *Hulsey* v. *Hightower*, 44 *Ga. App.* 455 (161 S. E. 664); *Henderson* v. *Dade Coal Co.*, 100 *Ga.* 568 (28 S. E. 251); *Davidson* v. *Harris, Inc.*, 81 *Ga. App.* 665 (59 S. E. 2d 551); *Parry* v. *Davison-Paxon Co.*, 87 *Ga. App.* 51 (73 S. E. 2d 59); *Fraser* v. *Smith & Kelly Co.*, 136 *Ga.* 18 (70 S. E. 792).

Therefore, whether or not the defendant in this case may be held liable for the acts of sodomy committed by the manager of its theater depends upon whether the tortious misconduct may be imputed to the defendant, and this in turn depends upon whether it took place within the scope of Allen's employment as

manager of a neighborhood theater. A master may be liable for even the wilful and malicious torts of his servant, but to sustain liability it must appear that the tort was committed within the scope of the master's business. *Frazier* v. *Southern Ry. Co.*, 200 *Ga.* 590 (2) (37 S. E. 2d 774). A general allegation of agency will yield to specific allegations of fact which in themselves negative the agency, or negative agency for the purpose and particular set of facts under which it is sought to hold the master on the doctrine of respondeat superior. *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (58 S. E. 2d 559). Although agency is alleged generally in this case, particular facts are set forth as to the occupation and employment of Allen, and nothing set forth raises the reasonable inference that the employer authorized or ratified his criminal acts, or that the perpetration of acts of sodomy upon children coming to the theater as the defendant's invitees was within the scope of his employment. Where the tort of the employee is wholly personal to himself, it is not within the scope of his employment, and his employer, a proprietor of a place of amusement, is "not required to anticipate the improbable, nor to take measures to prevent a happening which no reasonable person would have expected." *Atlanta Baseball Co.* v. *Lawrence,* 38 *Ga. App.* 497 (144 S. E. 351). See also Livingston *v.* Seaboard Air Line R. Co., 106 Fed. Supp. 886; *Henderson* v. *Nolting First Mortgage Corp.,* 184 *Ga.* 724 (193 S. E. 347, 114 A.L.R. 1022); *Stafford* v. *Postal Telegraph Cable Co.,* 58 *Ga. App.* 213 (198 S. E. 117); *Great Atlantic & Pacific Tea Co.* v. *Cox,* 51 *Ga. App.* 880 (181 S. E. 788); *Parry* v. *Davison-Paxon Co.,* supra; *Plumer* v. *Southern Bell Telephone &c. Co.,* 58 *Ga. App.* 622 (199 S. E. 353); *Smith* v. *Colonial Stores,* 72 *Ga. App.* 186 (33 S. E. 2d 360); *Georgia Power Co.* v. *Shipp,* 195 *Ga.* 446 (24 S. E. 2d 764). The petition does not allege, and reason cannot conceive, in what manner the facts alleged here might possibly be connected· with the employment rather than be deemed personal to the employee; and, this being so, the master cannot be held liable for such acts.

The cases cited in the excellent brief of counsel for the defendant in error are clearly distinguishable, and lie beyond the legal barrier which separates the non-liability from the liability of the master. In *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E.

712) the proprietor had actual notice of the fight in his establishment, from which a reasonable man could have presumed that harm would result to his invitees, yet he took no steps to protect them; whereas here no notice to the master is alleged, nor any facts sufficient to put the master on inquiry as to the criminal acts of its manager. In *Savannah Electric Co.* v. *Wheeler*, 128 *Ga.* 550 (58 S. E. 38), and *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414 (38 S. E. 989), the torts of the agent, although wilful and voluntary, arose in the prosecution of the master's business and within the scope of the employment. The servant may, as in *Southern Grocery Stores* v. *Herring*, 63 *Ga. App.* 267 (11 S. E. 2d 57), be "at the time engaged in serving the master," and, if he seeks his master's ends by unlawful means (such as seeking to drive a picket from the establishment by the use of black pepper and ammonia) the master is liable; but this is not true where the situation is precipitated by the employee solely for his personal gratification, as opposed to his desire to accomplish a result in line with his employment. *Radio Cabs, Ltd.* v. *Tolbert*, 86 *Ga. App.* 181 (71 S. E. 2d 260), *Co-Op Cab Co.* v. *Singleton*, 66 *Ga. App.* 874 (19 S. E. 2d 541), *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404 (55 S. E. 37), *Gasway* v. *A. & W. P. R. Co.*, 58 *Ga.* 216, *Savannah, Florida &c. Ry. Co.* v. *Quo*, 103 *Ga.* 125 (29 S. E. 607), and like cases are distinguishable because they involve the duty of extraordinary care owing to a passenger by a common carrier for hire. As is stated in *Co-Op Cab Co.* v. *Singleton*, supra. "The principles of law which are applicable in litigation growing out of the relationship of principal and agent or master and servant do not fully define the rights, liability, and duties of common carriers and their passengers."

The petition did not state a cause of action against the defendant employer, and the trial court erred in overruling the general demurrer.

*Judgment reversed.  Gardner, P. J., and Carlisle, J., concur.*