35180.  DANTOS, next friend, *v.* COMMUNITY
THEATRES COMPANY.

Decided May 15, 1954.

*Smith, Field, Doremus & Ringel, Ogden Doremus, Palmer Ansley,* for plaintiff in error.

*T. J. Long,* contra.

CARLISLE, J. In an action, similar to the present one, brought against this same defendant for the same type of wilful and malicious conduct on the part of its same employee, this court, in reversing the trial court for its failure to sustain a general demurrer to the petition, held in *Community Theatres Co.* v. *Bentley,* 88 *Ga. App.* 303 (76 S. E. 2d 632): "The petition here, which alleges that the manager of a theatre was guilty of wilful

and malicious conduct resulting in injury to the plaintiff, fails to state a cause of action against the defendant theatre company because it appears from the allegations thereof that the manager's acts were perpetrated solely for his personal gratification. No facts were alleged such as would constitute actual notice to the master sufficient to raise a duty as to it to protect its invitees from such acts; none are alleged sufficient to put it on notice or inquiry as to the criminal propensities of its employee, and none sufficient to put the employer on notice so that its retention of the employee in its service would constitute negligence." A comparison of the averments in that case with those in count 1 of the present petition reveals them to be substantially the same. It follows, therefore, that the trial court in the present case did not err in sustaining the general demurrer to count 1 of the petition.

It is true that in count 2 of the petition there are general averments of actual notice on the part of the defendant theatre company of the employee's propensity to commit sodomy on children. The specific allegations of fact concerning the manner in which the defendant theatre company is alleged to have acquired, or in the exercise of ordinary care should have acquired, such notice negative such general averments; for, upon examination of count 2 as a whole, it appears that the reasons stated as to why the defendant theatre company had such notice or should have had such notice are exactly the same reasons which were held in the *Bentley* case to be insufficient to put the defendant theatre company on notice of the employee's propensity to commit sodomy. It follows, therefore, that the ruling in the *Bentley* case is equally authority for the trial court's action in sustaining the general demurrer to count 2 as it is for its action on count 1. The additional averment that "the defendant knew, or in the exercise of even slight care, could have observed and did observe the friendliness of Allen toward young children such as the plaintiff, and observed or could have observed that Allen was inducing young children such as the plaintiff into the basement to submit to acts of sodomy," is simply an allegation of constructive notice and does not comply with the requirement stated in the *Bentley* case, that the defendant theatre company have actual notice of its employee's wilful and malicious conduct.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*